## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

DEMETRIS AVANTS,

     Plaintiff,

v.                          Case No.  5:24-cv-61-TKW-MJF

C. MANN, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Demetris Avants, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint. Doc. 20. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because Plaintiff's complaint fails to state a claim on which relief can be granted.

### I.  PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at the Santa Rosa Correctional Institution. Doc. 20 at 2. Plaintiff is suing two prison officials at the Graceville Correctional Institution: Property Sergeant Mann and Property Officer

Bud. *Id*. Plaintiff's claims arise from the loss of his tennis shoes and other personal property.

Plaintiff alleges that on April 10, 2023, he filed an informal grievance concerning his missing Reebok tennis shoes. Doc. 20 at 3. Mann approved the informal grievance and stated: "You have some tennis shoes in your property." *Id*. On July 24, 2023, Plaintiff filed another informal grievance concerning a different pair of missing tennis shoes. *Id*. Mann approved that grievance and stated: "There are a pair of Reebok shoes in your property." *Id*.

On September 12, 2023, Plaintiff was in the process of being transferred from Graceville to Santa Rosa CI. *Id*. Bud provided Plaintiff a property receipt to sign, Form DC6-227. *Id*. Plaintiff refused to sign the form because he was missing a pair of tennis shoes, and the Reebok shoes in his property were not his. *Id*. 3-4. Because Plaintiff refused to sign the property receipt, Bud refused to let Plaintiff take his property. *Id*. at 4. Plaintiff has not received his property. *Id*.

Plaintiff claims that Mann and Bud deprived him of his property in violation of the Fourteenth Amendment's Due Process Clause and FDC procedures. *Id*. at 5-6. Plaintiff seeks $50,000.00 in damages. *Id*. at 7.

## II.    SCREENING UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review his second amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief

above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions," however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468

U.S. 517, 533 (1984); *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("[A]s long as some adequate post[-]deprivation remedy is available, no due process violation has occurred.").

An adequate post-deprivation remedy for Plaintiff's loss of property is available under Florida law. *See* Fla. Stat. § 768.28(1) (waiving sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property). Plaintiff, therefore, fails to state a plausible procedural-due-process claim under the Fifth or Fourteenth Amendment for the deprivation of his property. *See Hudson*, 468 U.S. at 533; *see also e.g. Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (dismissing prisoner's due process claim against Florida prison official for loss of prisoner's property: "The existence of § 768.28 provides [the prisoner] with a meaningful, post-deprivation remedy to challenge the loss of property."); *Smith v. Israel*, 619 F. App'x 839, 842 (11th Cir. 2015) (same as to Florida prisoner's due process claim based on prison officials' destruction of his property); *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing as frivolous prisoner's claim that prison officials deprived him of due process when they denied him access to his personal property and later denied having the property).

Plaintiff fares no better to the extent he asserts that Mann's and Bud's conduct violated FDC policy. Violations of procedural regulations in the Florida Administrative Code do not amount to constitutional deprivations of due process. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *Loor*, 708 F. App'x at 994-95 (prison mailroom clerk's return of textbooks, in contravention to facility's policy, did not give rise to § 1983 claim for deprivation of property without due process).

## IV. CONCLUSION

Plaintiff's allegations fail to state a plausible due-process claim. For this reason, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim on which relief can be granted.

2. The clerk of court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>4th</u> day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**